EASON v. MILLER & KELLY.

1. In 1866 plaintiff made a mortgage of his foundry "including the working implements, machinery, and tools therewith connected, now on the said premises." In 1879 this mortgage was foreclosed and the property sold, the complaint and decree, the advertisement and deed describing the property in the very language of the mortgage as above. *Held*, that the purchaser was entitled to all tools on the premises at the date of the sale, including such as were put there after the mortgage was given.

2. The mortgagor having been present at the sale and not having objected, he is estopped from saying that property ordered to be sold and advertised for sale was not embraced in the mortgage.

3. The Circuit Judge properly submitted to the jury the issue whether patterns were a part of the tools and implements of a foundry.

MR. JUSTICE MCIVER *dissenting.*

Before COTHRAN, J., Charleston, November, 1885.

The opinion sufficiently states the case.

*Messrs. Lord & Hyde,* for appellant.

*Messrs. Bryan & Bryan,* contra.

November 22, 1886.    The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON.    James M. Eason, appellant, and his brother, Thomas D. Eason (since dead), doing business as copartners, on April 2, 1866, executed a mortgage to one Hannah Enston of certain property known as "Eason's Foundry," situate in Charleston, including the working implements, machinery, and tools therewith connected. The language used in the mortgage with reference to the implements, &c., being: "All that lot * * with all the working implements, machinery, and tools therewith connected, *now on said premises.*" This mortgage was foreclosed by regular proceedings in 1879. The decree of foreclosure, which was made March 4, 1879, ordered the mortgaged property described in the pleadings as thereinafter set forth to be sold upon certain terms. In this decree the property ordered to be sold was described in the following terms, to

wit: "All that lot of land, with all the buildings thereon, including machine and workshops and foundry, with all the working implements, machinery, and tools therewith connected, *now on the premises*, situate and being on the north side of Columbus street, * * Charleston * * *."

In accordance with this decree the property, after due advertisement, was sold by the master on April 24, 1879, defendants, respondents, being the purchasers, to whom a deed was executed on April 24, 1879, by which the property was conveyed to said defendants in the following language: "All that lot, * * workshops and foundry, with all the working implements, machinery, and tools therewith connected, *now on said premises,*" &c. Shortly after this sale the respondents took possession of the lot and machinery, including certain patterns, the subject of this controversy, whereupon the action below was instituted to recover the value of said "patterns," the plaintiff alleging that the patterns in question having been constructed and placed on the premises after the execution of the mortgage in 1866, were not embraced in the mortgage and constituted no part of the mortgaged property, and therefore could not have been the subject of the decree of sale in the foreclosure proceedings.

On the part of the defendants it was urged that the terms, "implements, machinery, and tools" embraced "patterns," and the order of sale having directed that all implements, &c., "*now on the premises,*" be sold, and the deed of the master following the order, having conveyed all implements, &c., *now on the premises*, and these patterns being on the premises at the time of the order and of the sale and at the time of the execution of said deed, said patterns passed to the defendants as part of the implements, and especially so because of the fact that the defendants in that action were parties to the foreclosure proceedings, and were also present at the sale and bidders for the property, having at no time interposed objection to any of said proceedings.

The jury rendered a verdict for the defendants. The appeal assigns error to the refusal of the Circuit Judge to charge certain requests of the plaintiff, and to his charge on certain requests of the defendants.

It will be seen from an examination of the replies made by his

honor, the Circuit Judge, to the various requests to charge that he laid down the following propositions: First, that nothing passed to Miller & Kelly, the defendants, by the master's deed, except the property embraced in the mortgage.   Second, that all the "tools" and "implements" connected with the plant on the premises at the time of the execution of the mortgage, at the time it was foreclosed, at the time the decree was made, and at the sale, passed under the decree of sale, and went to the purchaser.   Third, he declined to charge at the request of the plaintiff, "that such 'patterns' as were placed on the premises since August, 1866, when the mortgage was executed, remained the property of the plaintiff, notwithstanding the sale and conveyance."

The leading legal principles by which the Circuit Judge intended the jury to be governed were: that all tools and implements connected with the foundry, on the premises at the decree of foreclosure and sale, should be regarded as embraced in the mortgage, and consequently as having passed to the purchaser; and whether the patterns in question thus passed, depended upon the further question whether these patterns were tools and implements, which he ruled was a question of fact for the jury; and after defining what was meant by the terms "tools and implements," he submitted this question, as a question of fact, to the jury.

The main questions raised in the numerous exceptions are, first, that his honor erred in holding that all the tools and implements on the premises at the decree of foreclosure and sale passed under said sale; and, secondly, that even if this was true, yet that in no event could *patterns* be regarded as tools and implements, and that his honor erred in not so instructing the jury as matter of law, instead of submitting that question to the jury as a question of fact.

We think the ruling below was correct on both of these questions.   Passing by the question, whether the Circuit Judge was entirely correct in ruling that, under all circumstances, such additions as may be made to the original stock of property embraced in a mortgage of the kind before the court, would become embraced in the mortgage and pass at its foreclosure, we think that his honor was fully warranted in the general charge which

he made, as applicable to the facts of this case. Here a decree of sale had been obtained in a proceeding to foreclose the mortgage in question, in which decree it was expressly stated that all working implements, machinery, and tools therewith connected and then on the premises, were to be sold. Under this decree, after due advertisement, the property was sold, and a deed in pursuance thereof executed to the defendants, describing the property conveyed as all that lot of land * * including machine and workshop and foundry, with all working implements, machinery, tools therewith connected, and (then) now on the premises. To this proceeding the plaintiff had been made a party, and, as it appears, he was present or was represented at the sale, at no time interposing objection or raising a question as to the sale of such tools and implements as were on the premises at the date of this decree and sale. Under these circumstances we do not see how the Circuit Judge could have reached any other conclusion than that the tools and implements then on the premises were the tools and implements embraced in the mortgage.

The appellant complains that the Circuit Judge failed to construe the decree of foreclosure. We think he did construe it, and that his construction was in accordance with its terms, and that the conduct of the plaintiff estops him from denying that construction. He held that this decree ordered all the tools and implements on the premises at its date to be sold, and, as we have already said, this seems to us to have been the proper interpretation of the decree. He then left it to the jury to determine as matter of fact whether the patterns in contest, admitted to have been on the premises at the date of the decree, were tools and implements, &c. The jury found that they were, and consequently rendered a verdict for the defendants. Certainly, this last question which his honor submitted to the jury was a question of fact, pure and simple, one which his honor had no right to decide, and one which he could not have decided upon any principle of law. He defined the meaning of the term tools and implements, but whether *patterns* fell under this meaning depended upon evidence as to their character, nature, and use, the force and effect of which the jury alone had the right to determine.

We think it will be found upon examination that all of the numerous exceptions are met in the discussion of the questions hereinabove, and therefore it is useless to take them up in detail.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.

MR. JUSTICE MCGOWAN. I concur. Without going into the inquiry whether the mortgage itself of the foundry, "with all the working implements, machinery, and tools therewith connected, now on the premises," &c., did not really mean the foundry in working condition as a whole, with all its incidents and appurtenances, including such working implements as might be procured in place of those worn out or abandoned in running the establishment as a foundry, it seems to me that the purchaser at the sale ordered by the court has the right to stand on the very terms of the decree and advertisement under which he purchased, as constituting his contract, without going back of that to inquire whether the decree of sale was not expressed inaccurately, or at least in terms wanting in precision. The terms of the decree were, "all that lot of land and all the buildings thereon, including machine and workshops and foundry, with all the working implements, machinery, and tools therewith connected, now on the premises," &c. The plaintiff was a party to the proceeding in which this decree was rendered and did not appeal. The sale was advertised accordingly, and it seems to me that it is now too late for him to claim that the words, "now on the premises," inserted in the decree, really meant, by a process of reasoning, the date of the mortgage, and not that of the decree in which the expression occurs. A purchaser at a judicial sale cannot be affected by mere irregularities in the proceedings.

MR. JUSTICE MCIVER, *dissenting.* As I cannot concur in the conclusion reached by a majority of the court, I will proceed to state, briefly, the reasons which forbid my concurrence. While I agree with the Circuit Judge that one of the material questions in the case was, whether "patterns" were embraced in the terms, "all the working implements and machinery and tools" used in the mortgage under which defendants claim, and that this ques-

tion was properly submitted to the jury as a question of fact, after instructions as to the meaning of those terms, it seems to me that there was another material question, to wit: assuming "patterns" to be embraced within those terms, whether all of the patterns which were on the premises at the date of the sale passed to the purchasers, or only those which were there at the date of the mortgage, upon which the jury were not properly instructed.

Assuming, as I shall do, throughout this discussion, that patterns are embraced within the terms of the mortgage, it seems to me quite clear that only those which were on the premises at the time of the execution of the mortgage were covered by it, and only those could be sold under it. Such was the conclusion of Judge Pressley at a former stage of this controversy, and such seems to have been the opinion of this court. For in 15 *S. C. Reports*, at page 203, the following language is found in the opinion of the majority of the court: "The Circuit Judge decided at once the legal question, and held, no doubt correctly, that such portion of the patterns as were on the premises at the date of the execution of the mortgage belonged to the defendants, and such portion as was placed there after the execution of the mortgage belonged to the plaintiff."

If this be so, then I think the Circuit Judge erred in refusing to charge as requested by the plaintiff: "That such patterns as were placed there since April, 1866, when the mortgage was executed, remained the property of Mr. Eason, notwithstanding said sale and conveyance." The proposition of law upon which his honor based his refusal of this part of plaintiff's request, to wit: "That when a mortgage is taken on a railroad, machine shops, and property of that kind, having, at the time the mortgage was taken, certain chattels connected with the business, such as the cars and engines of a railroad, and such as the tools and working implements of a foundry. that as the times change, as the necessities for other tools exist, as the exigency arises for supplying the place of worn out tools, and for bringing into the plant other tools to meet the improvements in mechanics, such additions to the original stock pass under the original mortgage, and in a sale under foreclosure such articles would go to the purchaser," cannot be maintained as a general proposition. It only

applies where the mortgage contains such language as may be construed as evidencing an intention to embrace such after-acquired property, and it certainly cannot be applied in a case like this where the mortgage is in express terms limited to the property on the premises at the time of its execution.

The rule, as I understand it, established by the authorities cited by appellant's counsel is, that where an indivisible, entire thing, as a railway locomotive for example, is mortgaged, and subsequent to the execution of the mortgage new parts are added to it or substituted for others for the purpose of improvement or repairs, such additions constituting, as they do, essential parts of the thing mortgaged, will pass under the mortgage. So, too, where real estate is mortgaged, anything subsequently attached to it so as to acquire the character of a fixture, and becoming thus a part of the thing mortgaged, will be covered by the mortgage. But where, as in this case, the mortgage is on "all that lot of land, with all the buildings thereon, including machine and work-shops and foundry, with all the working implements, machinery, and tools therewith connected, *now on the said premises*, situate," &c., I do not see how it can be so construed as to cover any such articles as were not on the premises at the date of the mortgage. For it will be observed that in designating the implements and tools which it was intended to mortgage they are described not only as those connected with the foundry, but also as those *now* on the premises. So that unless they fulfilled both of these conditions, viz., that they were not only connected with the foundry, but also that they were on the premises at the time the mortgage was given, they could not be regarded as part of the property intended to be mortgaged.

It is contended, however, by the counsel for respondents that the mortgage is not before us, first, because it was not introduced in evidence, and, second, because it has been merged in the judgment of foreclosure, and therefore the court is not at liberty to inquire into the proper construction of the mortgage. As to the first objection, I do not see where there was any necessity for offering the mortgage in evidence, in view of the fact that it is distinctly alleged in the second paragraph of the complaint that the property mortgaged was the foundry, "with all the working

implements and machinery and.tools therewith connected, which were on the said premises at the time the said mortgage was executed to one Hannah Enston," which allegation was expressly admitted in the answers of both of the defendants. As to the second objection, it is quite sufficient to say that it is permissible and sometimes necessary in construing a judgment to look into the pleadings under which such judgment was rendered. Here the whole record in the action for foreclosure was introduced in evidence, and in it we find that the complaint sets out *in haec verba* so much of the mortgage as describes the property intended to be mortgaged, from which it clearly appears that the mortgage covered only the implements and tools on the premises at the date of the mortgage.

This brings us to the inquiry as to the proper construction of the judgment of foreclosure. Inasmuch as it is quite clear that property not embraced in a mortgage cannot properly be ordered to be sold under a proceeding to foreclose such mortgage, it seems to me that nothing but the clearest and most explicit language could justify the conclusion that the judgment in this case required or authorized the sale of any property not embraced in the mortgage. Instead of finding any such language either in the judgment or the pleadings upon which it was based, it appears to me that the language as used clearly evinces an intention to order the sale of nothing more than what could be properly sold, to wit: the property on the premises at the time of the execution of the mortgage. In the complaint for foreclosure the allegation is that, on the day named, the mortgagors "executed to plaintiff their deed and thereby conveyed to plaintiff, by way of mortgage, the following described real estate and other property, situate in the city of Charleston, County and State aforesaid, to wit:" and then follows the description of the property, *placed within quotation marks*, in which the tools and implements intended to be mortgaged are designated as those "*now on the premises.*" The manifest meaning of this is that the description of the property is copied from the mortgage, and hence that the word "now" in the phrase "now on the premises," must be read as referring to the date of the mortgage, and not to the date of the complaint.

So in the notice of pendency of action, the description of the property covered by the mortgage, though not placed within quotation marks, is in terms declared to be the same as that given in the mortgage, and hence there was no necessity for the use of quotation marks; for the language used in the notice of the pendency of action in reference to the description of the mortgaged premises is: "And are described in said mortgage as follows, to wit: all that lot of land, with all the buildings thereon, including machine and work shops and foundry, with all the working implements and tools and machinery therewith connected, now on the said premises," &c., showing plainly that the property referred to was the property covered by the mortgage, and for its description reference was had to the terms in which it was described in the mortgage.

Coming then to the judgment of foreclosure, we find that the following language is used: "That the mortgaged property described in the pleadings as hereinafter set forth be sold," &c., and when we come to that part of the judgment setting forth the description of the property, the following language is employed: "The following is the description of the property to be sold as hereinbefore directed," and then follows the description as copied from the complaint and *placed within quotation marks*. It seems to me, therefore, that the judgment cannot be construed as requiring or authorizing the sale of any property except that described in the mortgage, and that as it is clear that the description therein contained did not embrace any tools or implements except those on the premises at the time of the execution of the mortgage, there was no authority whatever for the sale of any such articles as were placed on the premises after the date of the mortgage. Under this view it is unimportant to inquire into the construction of the advertisement of the sale and the deed from the master, for unless there was authority for the sale of such patterns as were placed upon the premises after the execution of the mortgage, they could not pass under such deed, no matter what might be the terms used. It would not, however, be difficult to show, if it was necessary, that the advertisement and deed from the master, properly construed, cannot be regarded as embracing any property except such as is described in the mortgage.

It is contended by respondent that the plaintiff, by bidding at the sale and otherwise, is estopped from setting up any claim to such of the patterns as were placed upon the premises after the date of the mortgage. I do not see any ground for an estoppel. The fact that the defendants had authorized their agent to bid more than the amount for which the property was knocked down to them, shows very clearly that the conduct of the plaintiff at the sale did not induce them to do anything which they otherwise would not have done. But in addition to this, it is manifest from all the testimony, that the plaintiff, by bidding at the sale, did not intend to convey, and did not in fact convey, the impression that he was thereby assenting to the sale of such patterns as were placed on the premises after the mortgage. On the contrary, he had contended from the first that none of the patterns were covered by the mortgage, because, as he insisted, they were not embraced in the terms used in the mortgage. But even assuming, as we have done, that the terms used in the mortgage did embrace patterns, and assuming further that the plaintiff was bound to know this, his bidding at the sale cannot be regarded as an acquiescence in the sale of any other property than that which was ordered to be sold, and as the order of sale did not embrace any other property except that which was covered by the mortgage, and as the patterns placed on the premises after the execution of the mortgage were not embraced therein, the fact of his bidding at the sale cannot be regarded as an acquiescence in the sale of such patterns, and he is not estopped from setting up a claim to them.

It seems to me, therefore, that the judgment of the Circuit Court should be reversed and the case be remanded to that court for a new trial.

Judgment affirmed.